The order below is hereby signed.

Signed: March 7 2017



S. Martin Teel, Jr.
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:

Gemma Calliste , DEBTOR                    CASE NO. 10-00685-SMT
Earl Calliste, DEBTOR                          Case No. 13-500, Jointly admin. under 10-685
                                                          TRIAL DATE: January 19, 2017

                                                          CHAPTER 11

## ADEQUATE PROTECTION ORDER

        The Movant, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
(Caliber Home Loans, Servicer), by its attorney, Kyle J. Moulding, Esq., and the Debtors,
Gemma Calliste  and Earl Calliste  by their attorney, Daniel M. Press, Esq. , do hereby consent to
the following:

        1.        The Automatic Stay of 11 U.S.C. §362 is hereby modified as set forth herein.
Movant agrees to forbear provided Debtor(s) comply(ies) with the terms of this Order.

        2.        Commencing, in **March 1, 2017** the Debtor(s) shall make adequate protection
payment of $1,200.00 per month until a plan is confirmed, and shall continue to be bound by all
non-monetary provisions in the Note and Deed of Trust until and unless modified by the Chapter
11 plan.

        3.        All payments tendered in accordance with this Order should be sent directly to
Caliber Home Loans, Inc. at PO Box 24330, Oklahoma City, Oklahoma, 73124.

14-804609

4.      Should the Debtor(s) default under Paragraph 2 herein, or should any payment be returned for insufficient funds, the Movant may file with the court and mail to the Debtor(s) and Debtor(s) attorney a Notice of Default and Notice of Termination of Automatic Stay.  Should the Debtor(s) then fail to cure the default including any amounts which have become due between the execution of the Notice and the expiration of the cure period, within ten (10) days from the date of the filing of the Notice, and/or should the Debtor(s) fail to file an opposition to the Default Notice pursuant to Bankruptcy Rule 4001(a)(3), the forbearance and automatic stay shall terminate with respect to the subject property without further court action and without further court order.  Should the Debtor(s) file an Objection, Response or Motion to Strike the Notice of Default, the Debtor(s) shall bear the burden of proof as to the inaccuracy of the Notice. **Any payment(s) tendered to cure a default arising under the provisions of this consent agreement must be in the form of certified or cashier's check or money orders.**  Acceptance of a partial payment shall not be deemed to be a waiver of the termination of the forbearance as provided herein. If the Debtor(s) fail to cure the default noted, the Noteholder may proceed to enforce its in rem rights, including but not limited to foreclosure, under the provisions of the Deed of Trust recorded among the land records of Washington, D.C. at Doc # 2007078618 and which is secured by the property of the Debtor(s) located at **16 Q Street NW, Washington, D.C. 20001**.  The additional stay provided by Bankruptcy Rule 4001(a)(3) is hereby waived.

5.      Should there be more than two (2) defaults in payment as provided in this agreement in any 12 month period, there shall be no ten day "cure period"; the Movant shall file the Notice of Default with the court and mail copies to the Debtor(s) and Debtor(s') attorney and the forbearance shall be terminated at the filing thereof without any further Court Order.  Movant may proceed with foreclosure actions immediately.

6.      This agreement shall be and become null and void on the termination of this bankruptcy proceeding, conversion to another chapter, or confirmation of a plan.  Should the Debtor(s) convert to a Chapter 7 proceeding, the repayment provisions herein shall be and become null and void.  This agreement shall apply to proceedings for possession of the real property after the foreclosure sale and shall apply to successors and/or assigns of Movant.

7.      The Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement and/or loan modification or other loan workout/loss mitigation agreement which does not otherwise require court approval. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.


SEEN AND APPROVED:


/s/ Kyle J. Moulding, Esq.
Kyle J. Moulding, Esq.
Attorney for Movant
McCabe, Weisberg & Conway, LLC
312 Marshall Ave.
Suite 800
Laurel, MD 20707

/s/ <u>Daniel M. Press, Esq.</u>
Daniel M. Press, Esq.
Attorney for Debtors
Chung & Press, P. C.
6718 Whittier Ave.
Suite 200
McLean, VA 22101

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

<u>/s/ Kyle J. Moulding, Esq.</u>

Copies to:

Gemma Calliste
11016 Lake Victoria Lane
Bowie, Maryland  20720

Earl Calliste
4013 14th Street, NW
Washington, D.C.  20010

Copies were sent electronically via the CM/ECF system to Daniel M. Press, Esq., Attorney for Debtors and Joseph A. Guzinski, Chapter 13 Trustee.

**<u>End of Order</u>**